# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 26, 2018

* * * * * * * * * * * * *
|  |  |  |
|---|---|---|
| MELBA L. CALLAWAY, | * | UNPUBLISHED |
|  | * |  |
| Petitioner, | * | No. 17-1506V |
|  | * |  |
| v. | * | Special Master Gowen |
|  | * |  |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal |
| AND HUMAN SERVICES, | * | Decision; Influenza ("Flu") Vaccine; |
|  | * | Shoulder Injury Related to Vaccine |
| Respondent. | * | Administration ("SIRVA"). |

* * * * * * * * * * * * *

Jeffrey E. Golvash, Brennan, Robbins & Daley, P.C., Pittsburgh, PA, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC for respondent.

## DECISION ON ENTITLEMENT[1]

On October 13, 2017, Melba L. Callaway ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that on October 16, 2015, she received an influenza ("flu") vaccine in her left shoulder. Petitioner further alleged that as a result of that vaccine, she suffered a shoulder injury related to vaccine administration ("SIRVA"), with residual injuries and/ or complications lasting for more than six months.

On November 21, 2018, petitioner filed a motion for a decision dismissing her claim. Petitioner's Motion (ECF No. 36). The motion provides that an investigation of the facts and science supporting the petition has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. Id. at ¶ 1. The motion further provides that petitioner understands that a decision by the special master dismissing her petition

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

will result in a judgment against her, and that such a judgment will end all of her rights in the Vaccine Program. Id. at ¶ 2. Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to Section 21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to file a civil action. Id. at 5.

On November 26, 2018, respondent's counsel provided in an email to the undersigned's law clerk that respondent does not oppose the instant motion. Thus, it is now ripe for review.

To receive compensation in the Vaccine Program, petitioner must prove either: (1) that she suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table, or (2) that she suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). An examination of the record does not support a finding that petitioner suffered a "Table injury." Further the record does not contain persuasive evidence that petitioner suffered an injury that was caused-in-fact by the flu vaccine she received on October 16, 2015.

Under the Vaccine Act, the Vaccine Program may not award compensation solely based on a petitioner's own claims. Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records do not establish causation for either a "Table Injury" or an "off-Table" injury which was caused-in-fact by the vaccine. Further, with regard to the "off-Table" injury, petitioner has not submitted an expert report in support of her claim. Petitioner has not met her burden of proof. Therefore, her claim cannot succeed and it must be dismissed. § 11(c)(1)(A).

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master